[No. 10,012.]

## THE PEOPLE *v.* DONAHUE.

45   321
135   347
135   374
45   321
146   115

INSTRUCTION TO JURY IN CRIMINAL CASE.—If an appeal is taken in a criminal case on alleged error of the Court in giving instructions to the jury, and the evidence is not brought up, the judgment will not be reversed' if the evidence might have shown a case that would justify the instruction.

IDEM.—The evidence may be such as to justify the Court in charging the jury, that if they believe the defendant killed the deceased, and that before doing so he declared it to be his intention to kill him, the killing was done with express malice and deliberation.

APPEAL from the District Court of the Second Judicial District, County of Tehama.

The facts are stated in the opinion.

*Creed Haymond,* for Appellant.

*The Attorney General* (represented by *G. A. Blanchard*), for Respondent.

By the COURT:

The defendant, having been indicted and placed upon trial for the crime of murder, was found guilty of murder in the first degree and adjudged to suffer death. He moved for a new trial upon the grounds: First—That the Court misdirected the jury in giving an instruction asked for by the

District Attorney in the following words: "If the jury believe from the evidence that the defendant killed the deceased in a spirit of revenge and after previous deliberation of over twelve hours, and declared to others that he intended to kill the deceased, then you should find the defendant guilty." Second—That the verdict was contrary to and not sustained by the evidence.

The instruction was objected to, as appears 'from the bill of exceptions, upon the ground that it was calculated to mislead the jury as to the right to judge of the time necessary to constitute deliberation, and because it was equivalent to a direction as to the degree in which they should find the defendant guilty.

The new trial was denied, and the defendant brings this appeal from the judgment.

In this Court counsel have not insisted upon the errors alleged as the grounds for a new trial in the Court below, but it is claimed that the Court erred in giving to the jury, at the request of the District Attorney, an instruction, which is as follows:

"If the jury believe from the evidence that the defendant killed William Orme, and that before doing so, he declared it to be his intention to kill the deceased, the killing was done with express malice and deliberation."

No part of the evidence has been brought up in the record, and we are consequently left in entire ignorance as to what it was, except in so far as we may gather its general tenor from the instructions. That the instruction objected to was badly drawn, and may possibly have been erroneous, may be admitted. Still, if any state of facts might have been proved in view of which it would be proper, then we must suppose that that state of facts was proved, and that the defendant was not prejudiced. The rule is that judgments will be reversed for alleged errors in instructions only when,

looking at the testimony, we can see that the jury may have been misled by them to the prejudice of the defendant, or when, in the absence of the testimony, it is apparent that the instructions would be improper under any possible condition of the evidence.

In this case we think it quite possible that the supposed declarations of intention to kill Orme may have been made in such immediate connection with the act of killing, and under such circumstances as to make it clear that the killing was done with express malice and deliberation.

It would not be difficult to suppose a case that would justify the instruction, and under the rule announced we cannot reverse the judgment.

The judgment is affirmed and cause remanded, with directions to carry the sentence into execution. Remittitur to issue forthwith.