[No. 10,051.]

# THE PEOPLE *v.* STRONG.

INDICTMENT FOR LARCENY.—In an indictment for larceny, for stealing a cow, it is sufficient to charge that the defendant " did steal, take, and carry away," without adding the words "lead, or drive away."

CONCLUDING ARGUMENT TO JURY IN CRIMINAL CASE.—When other counsel are associated with the District Attorney in the prosecution of a criminal case, the Court may, in its discretion, for good reasons, allow the associate counsel to conclude the argument.

IDEM.—In such case, nothing appearing in the record to the contrary, the presumption is that the Court had good reason for allowing associate counsel to conclude the argument.

ATTEMPT TO ESCAPE WHEN ARRESTED FOR LARCENY.—If a person, when arrested on a charge of larceny, and after being informed of the cause of his arrest, escapes, or attempts to escape, it is a circumstance that the jury may consider in determining his guilt or innocence.

ALLEGED ERROR IN INSTRUCTIONS TO THE JURY.—If the testimony is not in the record, a judgment in a criminal case will not be reversed for alleged error in instructions, if, from the nature of the case, testimony might have been introduced which would have warranted the instructions.

APPEAL from the County Court of Mendocino County.

The defendant was convicted of grand larceny, and appealed from the verdict and judgment, and from an order denying him a new trial.

The facts are stated in the opinion.

*J. C. Burch,* for Appellant.

*G. A. Blanchard,* for the People.

By the COURT:

The defendant was indicted for the crime of grand larceny. In the indictment it is charged that he feloniously "did steal, take, and carry away a cow," etc. It is objected that the words "lead or drive away" should have been used.

We think the indictment clearly sufficient.

At the conclusion of the testimony, the argument to the

jury was opened by the District Attorney and concluded by R. McGarvey, who was associated with the District Attorney in conducting the prosecution. Counsel for defendant objected to McGarvey's being permitted to conclude the argument, but the Court overruled the objection.

Section ten hundred and ninety-three of the Penal Code provides that the District Attorney, or other counsel for the people, must open, and the District Attorney may conclude the argument. The next section provides that this order may be changed when the state of the pleadings requires it, or in any other case for good reasons and in the sound discretion of the Court.

Nothing to the contrary appearing, we must presume that the Court wisely, and for good reasons, exercised its discretion in this case in permitting associate counsel to conclude the argument.

At the request of the District Attorney, the Court gave to the jury the instruction, which reads as follows:

" If the jury find, from the evidence, that the defendant was arrested for the crime charged in the indictment, and after such arrest escaped, or attempted to escape, from the persons having him under arrest, it is a circumstance that the jury may well consider in determining the guilt or innocence of the party."

It is claimed that this instruction is erroneous, because, if the defendant escaped, or attempted to escape, after he was arrested for the crime charged in the indictment, it may be he did so while ignorant of the cause of his arrest; and the fact of his escape ought not, therefore, to be considered as a circumstance in determining his guilt or innocence.

The testimony is not in the record, and we are not, therefore, informed of the circumstances attending the supposed escape. In *People* v. *Donahue*, 45 Cal. 321, it was held that if any state of facts might have been proved in view of

which the instruction would be proper, then we must suppose that that state of facts was proved, and the defendant was not prejudiced. "The rule is," said the Court "that judgments will be reversed for alleged errors in instructions only when, looking at the testimony, we can see that the jury may have been misled by them to the prejudice of the defendant, or when, in the absence of the testimony, it is apparent that the instructions would be improper under any possible condition of the evidence."

Under the circumstances, we must presume that evidence had been introduced in the case showing that when the defendant escaped, or attempted to escape, he was fully informed of the cause of his arrest.

We see no error in the record, and the judgment is affirmed.