[No. 10,261.]

## THE PEOPLE *v.* JOHN BENSON.

CROSS-EXAMINATION OF WITNESS.—A witness for the prosecution in a criminal case may, on his cross-examination, be interrogated as to any matter which may tend to show that he is biased against the party conducting the cross-examination, or that he has an interest in the result adverse to such party.

DUTY OF DISTRICT ATTORNEYS.—District Attorneys should avoid interposing technical objections to the admission of testimony offered by the defendant, or to questions put by him in cross-examining a witness called for the People.

APPEAL from the County Court, County of Santa Clara.

The defendant was indicted for arson, alleged to have been committed by setting fire to his own house, on the 30th of March, 1876, while it was occupied by W. A. Townsend, his tenant. The witness Van Buren was a constable, and had acted

as a detective, and arrested the defendant for the offense. The building was insured for one thousand dollars at the time it was set on fire. The indictment did not charge that the building was set on fire to obtain the insurance. The witness Van Buren, on his direct examination, had not been questioned as to the matters involved in the attempted cross-examination.

The defendant was convicted, and appealed from the judgment, and from an order denying a new trial. The other facts are stated in the opinion.

*W. C. Kennedy*, for the Appellant, cited *People* v. *Williams*, 18 Cal. 191; *People* v. *Strong*, 30 Cal. 153, and 1 Greenleaf on Evidence, secs. 446 and 448.

*Jo Hamilton*, Attorney-General, for the People, argued that the questions put to Van Buren were not proper cross-examination, and cited *People* v. *Graham*, 21 Cal. 265.

By the COURT:

At the trial, one Van Buren, a witness for the prosecution, testified in his examination-in-chief to material facts tending to establish the guilt of the defendant; and on his cross-examination, counsel for the defense propounded to him the following question: " State whether or not you know of any reward being offered by the Board of Underwriters in this case for the conviction of defendant? " The question, being objected to, was excluded by the Court. The following question was then asked by the defendant: " I ask you whether you expect, in case of a conviction of defendant, the reward of one thousand dollars offered, or any part thereof? " This question was also excluded by the Court, and the following question was then propounded by the defendant: " State whether or not you received a portion of the above reward mentioned, in advance, from J. J. Denny, agent of the Home Mutual Insurance Company, in this county, two days before the last trial of the case? " This was also excluded, and to these rulings the defendant excepted. It is difficult to see on what ground this evidence was excluded; as it is perfectly well settled that on cross-examination a witness may be interro-

gated as to any circumstance which tends to impeach his credibility, by showing that he is biased against the party conducting the cross-examination, or that he has an interest in the result adverse to such party. No citation of authorities is needed on a point so well settled, and the ruling was obviously erroneous.

In this connection we cannot forbear again to call attention, as we have heretofore frequently done, to a practice so often pursued by District Attorneys of interposing mere technical objections to the admission of evidence which if admitted would not, in a large majority of cases, seriously weaken the case for the prosecution; and yet, if wrongly excluded, would compel a reversal of the judgment. This case affords a striking illustration of the evils resulting from such a practice.

The moral effect upon the jury of excluding the evidence on the objection of the District Attorney, was doubtless nearly or quite equivalent to any which would have resulted from its admission; and yet, if material evidence for the defense be improperly excluded, we are compelled to reverse the judgment, as it is impossible for us to determine with any certainty that the error did not prejudice the defendant. Prosecuting officers, by interposing objections on technical grounds to the admission of competent and material testimony, on points having no very important bearing on the case, frequently obstruct the course of justice by compelling a reversal of the judgment; and we especially commend to their attention and to that of trial Courts in criminal cases the observations of Mr. Justice BALDWIN, in delivering the opinion of the Court in *People* v. *Williams*, 18 Cal. 193, and which are quoted with approbation in *People* v. *Devine*, 44 Cal. 460.

Judgment and order denying defendant's motion for a new trial reversed, and cause remanded for a new trial.