### PEOPLE, Respondent, v. FRANCISCO SALAZAR, Appellant.

### No. 10,547; October 21, 1880.

**Larceny.**—An Indictment Charging That the Defendant, on a day and in a county named, "did unlawfully and feloniously take, steal and carry away one horse, of the personal goods and chattels of one ————," naming the owner, etc., is sufficient.

**Larceny**—**Horse-stealing**—**Sufficiency of Evidence.**—Identification of a Horse by its owner and the latter's testimony that it was stolen from him at the time and place stated in the indictment, together with testimony of one subsequently finding the horse in the prisoner's hands that he did so find it, that the prisoner claimed its ownership and to have raised it, and so effected a sale or exchange of it with witness, is sufficient evidence on which to base a verdict of "guilty as charged," etc., in a prosecution for grand larceny.

APPEAL from Superior Court, Los Angeles County.

Thomas B. Brown, district attorney, for respondent; H. T. Page and F. P. Rameriz for appellant.

ROSS, J.—The indictment charges that the defendant, on the 25th of October, 1879, at the county of Los Angeles, "did unlawfully and feloniously take, steal, and carry away one horse of the personal goods and chattels of one Jose Antonio Perez," etc. The indictment is sufficient: People v. Littlefield, 5 Cal. 355; People v. Strong, 46 Cal. 302.

At the trial Perez testified that the horse in question was his property, and he also gave evidence tending to show that during the night of the 25th of October, 1879, it was stolen from him from the Puento Rancho in Los Angeles county. Another witness on the part of the prosecution, Ellsworth by name, testified that on the 29th of October, 1879, he overtook the defendant riding the horse on the road to Ventura, in San Buenaventura county, in company with another man; that he (Ellsworth) asked defendant whether he would sell the horse; and receiving the reply that he would, negotiations were commenced between them, which culminated in an exchange on the next day, by which the witness gave defendant a mare and colt and ten dollars in money for the

horse; that defendant told witness his (defendant's) father raised the horse; that his father lived near Bakersfield, and that he had a brother near Santa Barbara who was sick, and that he wanted some ·money to go there in order to help him; that defendant, in making the exchange, talked and understood English to some extent, and that his companion talked and understood it very well. It was also shown on the part of the prosecution that the horse was branded with the brands of one Rowland, by whom it was presented to Perez. Some time after the purchase by Ellsworth the latter ascertained that the horse had been stolen, and delivered it to the sheriff, by whom it was returned to the owner. The defendant, in testifying in his own behalf, denied that he had any conversation with Ellsworth in English, and denied that he could speak or understand English at all. In rebuttal, R. A. Ling, a deputy sheriff of Los Angeles county, testified that on the day of the trial he had conversed with defendant in English, and that the latter understood his questions, and answered them in that language.

In our opinion the evidence is sufficient . to justify the verdict of the jury finding the defendant guilty as charged in the indictment.

The judgment and order are therefore affirmed.

We concur: McKee, J.; McKinstry, J.