[No. 10,557.—In Bank.]

## PEOPLE *v.* ANDREW JOHNSON.

PREVIOUS CONVICTION — CRIMINAL LAW — WITNESS. — Since the amendments of 1880 to the Penal Code, a defendant indicted for a felony, if he be a witness, may be asked the question whether he has previously been convicted of a felony, but such question only goes to the credibility of the witness.

APPEAL from a judgment of conviction, and an order denying a new trial, in the Superior Court of the City and County of San Francisco. FERRAL, J.

*D. J. Murphy,* for Appellant.

The defendant, when arraigned, admitted the previous conviction. Therefore, on the trial he had a right to rely upon § 1025 of the Penal Code, which provides that in such case the charge shall not be read to the jury, nor *allowed in the trial.*

*A. L. Hart,* Attorney-General, for Respondent.

The question went to the credibility of the witness.

Ross, J. :

The defendant was charged, by information, with the crime of burglary and was convicted. The information also charged that he had been previously convicted of several other designated offenses. On his arraignment, the defendant admitted that he had suffered the previous convictions as alleged, but entered a plea of not guilty to the charge of burglary. On the trial, after the case of the prosecution had been closed, the defendant, for the purpose of showing if he could that he did not commit the burglary, testified in his own behalf that he was not on the night it was committed, nor was he ever, in the house in which the offense was committed, but was at that time in bed in the house of one Morse, and that he did not commit the offense nor have any connection with its commission. On cross-examination, the district attorney asked the defendant this question: "Were you not convicted of a felony in the Municipal Criminal Court of this city and county of San Francisco prior to this charge?" To which the counsel for the defendant objected, on the ground

that the question was "incompetent, irrelevant, and immaterial, and not proper cross-examination; and upon the further ground that said former conviction is directly charged in the information in this case, to which defendant has answered, and that it is not a legitimate subject of inquiry before the jury." The Court overruled the objections, and compelled the defendant to answer the question, which he did in the affirmative, to which ruling defendant reserved an exception.

When the Penal Code was adopted, provisions were inserted in it providing for the greater punishment, on conviction, of such persons as had been previously convicted of criminal offenses than was provided for similar offenses where there had been no such previous conviction; and by § 969 the manner of charging such previous convictions was pointed out.

By § 1158 of the same Code it was provided that "whenever the fact of a previous conviction is charged in an indictment, the jury, if they find a verdict of guilty, must also find whether or not the defendant had suffered such previous conviction." In 1874 the Legislature amended this section so as to make it read as follows: "Whenever the fact of a previous conviction of another offense is charged in an indictment, the jury, if they find a verdict of guilty of the offense for which he is indicted, must also, unless the answer of the defendant admits the charge, find whether or not he has suffered such previous conviction. The verdict of the jury upon a charge of previous conviction may be: 'We find the charge of previous conviction true,' or 'We find the charge of previous conviction not true,' as they find the defendant has or has not suffered such conviction."

Thus it will be seen that under § 1158, as it originally stood, the question of previous conviction had to be submitted to the jury; and by this section, as amended in 1874, the defendant was given the right to *admit* such charge, in which event the question of previous conviction was *not* to be submitted to the jury. To make this still clearer, the Legislature on the same day added a new section (1025) to the Penal Code, in these words:

"When a defendant who is charged in the indictment with having suffered a previous conviction pleads either guilty or not guilty of the offense for which he is indicted, he must be

asked whether he has suffered such previous conviction. If he answers that he has, his answer shall be entered by the clerk in the minutes of the Court, and shall, unless withdrawn by consent of the Court, be conclusive evidence of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answers that he has not, his answer shall be entered by the clerk in the minutes of the Court, and the question whether or not he has suffered such previous conviction shall be tried by the jury which tries the issue upon the plea of 'not guilty'; or in case of a plea of 'guilty,' by a jury empaneled for that purpose. The refusal of the defendant to answer is equivalent to a denial that he has suffered such previous conviction. In case the defendant pleads 'not guilty,' and answers that he has suffered the previous conviction, the charge of the previous conviction shall not be read to the jury, nor alluded to on the trial."

Whether the concluding clause of this section, had it remained in force, as seems to be supposed by counsel in the case, since their argument is mainly based on it, would so far modify the rules of evidence as to prohibit the question under consideration need not be determined, since the section itself was repealed by the act approved April 9th, 1880. (Amendments to Pen. Code, p. 19.) Section 2051 of the Code of Civil Procedure provides:

" A witness may be impeached by the party against whom he is called by contradictory evidence, or by evidence that his general reputation for truth, honesty, or integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness or the record of the judgment that he had been convicted of a felony."

And § 1102 of the Penal Code declares :

"The rules of evidence in civil actions are applicable also in criminal actions, except as otherwise provided in this Code "— the Penal Code.

By § 1323 of the Penal Code it is provided that:

" A defendant in a criminal action or proceeding cannot be compelled to be a witness against himself; but if he offer himself as a witness he may be cross-examined by the counsel for the people as to all matters about which he was examined in chief. His neglect or refusal to be a witness cannot in any

manner prejudice him, nor be used against him on the trial or proceeding."

We discover nothing in this section inconsistent with the provisions of § 2051 of the Code of Civil Procedure. The question as to previous conviction is only permitted to go to the credibility of the witness. The fact that a defendant has ,been previously convicted of other criminal offenses is, of course, no evidence that he committed the particular offense for which he may be on trial. The consideration urged by counsel for appellant, that it is a difficult matter for jurors in cases where the defendant has been previously convicted of a criminal offense to divest their minds of that circumstance, and the consequent danger of such considerations influencing the determination of the particular charge on trial is a question for the Legislature. Under the existing statutes there is nothing taking the present case out of the rules applicable to other witnesses.

There is nothing in *People* v. *Brown*, 72 N. Y. 571, in conflict with the views here expressed. The question propounded to the defendant, and considered by the Court in that case, was : " How many times have you been arrested ? " Whether the question had any bearing on the credibility of the witness was not determined, but the objection to it was sustained on another ground, which was distinctly taken, namely, that of privilege.

Finding no error in the record, the judgment and order are affirmed.

MORRISON, C. J., MCKINSTRY, J., MYRICK, J., and SHARPSTEIN, J., concurred.