[No. 10,720.—In Bank.]
Feb. 28, 1882.

## THE PEOPLE *v.* CHARLES GILBERT.

ROBBERY—VERDICT.—Upon the trial of an information for robbery, the verdict was as follows: "We, the jury, find the defendant guilty as charged in the information;" and it was claimed that the crime of robbery charged in the information, also involved the crime of grand larceny, of which it was within the power of the jury to find the defendant guilty, and that the verdict should have specified which of these two crimes, robbery or grand larceny, the defendant was found guilty of.

*Held:* It is no argument against the sufficiency of the verdict in this case, that robbery includes larceny, and that under an indictment and prosecution for the former, a defendant may be convicted of the latter crime.

The jury in this case has found the defendant guilty as charged in the indictment, and the charge in the indictment is the crime of robbery; and we do not, therefore, discover any uncertainty in the verdict.

ID.—INSTRUCTION—RELEVANCY OF INSTRUCTIONS—REASONABLE DOUBT—CIRCUMSTANTIAL EVIDENCE—HYPOTHESIS—DEFINITION.—The Court refused to give the eighth instruction asked by defendant, which was as follows: "The hypothesis contended for by the prosecution must be established to an absolute moral certainty, to the entire exclusion of any rational probability of any other hypothesis being true, or the jury must find the defendant not guilty"—the refusal being placed upon the ground that "this is not a case of circumstantial evidence, and the instruction is not responsive to the testimony in the case." The evidence given was that of the party robbed, and was direct and positive, and not circumstantial.

*Held:* Where all the evidence in the case is direct and positive, and the defendant's guilt is in no manner dependent upon an agreement of circumstances, there is no such thing as a hypothesis, in the theory of the prosecution, and an instruction based upon such a theory becomes irrelevant and immaterial. There was nothing in the case to warrant such an instruction, and therefore it was proper for the Court to refuse it.

ID.—ID.—ID.—ID.—ID.—ID.—ID.—When there is no statement or bill of exceptions embodying the evidence or declaring its purport and tendency, the appellate Court will presume in favor of the correctness of the charge of the Judge to the jury, unless the charge is manifestly erroneous under any and every conceivable state of facts.

ID —ID.—ID.—ID.—ID.—The Court refused to give the following instruction asked by defendant: "In order to convict the defendant upon evidence of circumstances, it is necessary, not only that all the circumstances concur to show that he committed the crime charged, but that they are inconsistent with any other rational conclusion. It is not sufficient that the circumstances proved coincide with, account for, and therefore render probable the hypothesis sought to be established by the prosecution, but they must exclude to a moral certainty every other hypothesis but the single one of guilt, or the jury must find the defendant not guilty."

*Held:* What has been said in reference to instruction eight is equally applicable to this one. It may be conceded that the instruction embodied the correct rule with respect to circumstantial evidence; but as there was no such evidence in the case, it was but the statement of an abstract principle of law, upon which it was in no sense the duty of the Court to charge the jury.

APPEAL from a judgment of conviction in the Superior Court of the County of Tehama. KEYSER, J.

*Charles A. Garter,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

Morrison, C. J.:

The defendant was prosecuted in the Superior Court of Tehama county for the crime of robbery, and having been convicted of that crime, appealed to this Court, and asks a reversal of the judgment of the Court below on three grounds, which we proceed to examine.

1. The first objection is to the verdict, which is as follows; "We, the jury, find the defendant guilty as charged in the information." It is claimed that the crime of robbery charged in the information also involved the crime of grand larceny, of which it was within the power of the jury to find the defendant guilty, and that the verdict should have specified which of these two crimes, robbery or grand larceny, the defendant was found guilty of. In support of this proposition cases have been referred to, which do not in our opinion sustain the views taken by appellant's counsel.

In the case of *The People* v. *Coch*, 53 Cal. 627, the defendant was indicted for arson, and the verdict was "guilty as charged in the indictment." The Court held that the verdict was too general, as it should have found the degree of crime of which the defendant was found guilty. The case of *The People* v. *Campbell*, 40 id. 129, was a trial for murder, and the verdict was a general one, as in the other case above cited. It was held too general. But arson and murder are divided by the Code into degrees, and by Section 1157 of the Penal Code it is provided, that "whenever a crime is distinguishable into degrees, the jury, if they convict the defendant, must find the degree of crime of which he is guilty.'' Hence the cases in 40 and 53 Cal. simply carry out the provision of the Code. But with respect to robbery, the rule above laid down has no application, because the crime of robbery is not divided into degrees. In other words, there is but one degree of that crime: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear," and the punishment prescribed for robbery is found in Section 213 of the same Code: "Robbery is punishable by imprisonment in the State Prison not less than one year."

It is no argument against the sufficiency of the verdict in this case that robbery includes larceny, and that under an indictment and prosecution for the former, a defendant may be convicted of the latter crime. The jury in this case has found the defendant guilty as charged in the indictment, and the charge in the indictment is the crime of robbery; and we do not, therefore, discover any uncertainty in the verdict. If the jury had intended to convict of larceny, they would have said: "We, the jury, find the defendant guilty of larceny."

2. The second alleged error is predicated upon the refusal of the Court to give the eighth instruction asked by the defendant, which was the following:

"The hypothesis contended for by the prosecution must be established to an absolute moral certainty, to the entire exclusion of any rational probability of any other hypothesis being true, or the jury must find the defendant not guilty."

In cases in which the evidence is circumstantial, the foregoing instruction is usually asked and given; but it was refused in the present case, because, as was stated by the learned Judge, "this is not a case of circumstantial evidence, and the instruction is not responsive to the testimony in the case." The evidence given was that of the party robbed, and was direct and positive, and not circumstantial.

A hypothesis is a supposition; a proposition or principle which is supposed or taken for granted, in order to draw a conclusion or inference for proof of the point in question; something not proved, but assumed for the purpose of argument. (Webster's Dict.) Where all the evidence in the case is direct and positive, and the defendant's guilt is in no manner dependent upon an agreement of circumstances, there is no such thing as a hypothesis in the theory of the prosecution, and an instruction based upon such a theory becomes irrelevant and immaterial. From these premises the conclusion is natural and irresistible that there was nothing in the case to warrant such an instruction, and, therefore, it was proper for the Court to refuse it. "Instructions are always to be given with reference to the fact proved before the jury." (*People* v. *Byrnes*, 30 Cal. 207; *People* v. *King*, 27 id. 507.)

The evidence in the case is not brought upon this appeal,

and when there is "no statement or bill of exceptions embodying the evidence, or declaring its purport and tendency, the appellate Court will presume in favor of the correctness of the charge of the Judge to the jury, unless the charge is manifestly erroneous under any and every conceivable state of facts." (*People* v. *King, supra.*) This rule is based upon the doctrine that the party who alleges error must show it: "That the instruction objected to was badly drawn and may possibly have been erroneous may be admitted. Still, if any state of facts might have been found in view of which it would be proper, then we must suppose that that state of facts was proved, and that the defendant was not prejudiced. The rule is that judgments will be reversed for alleged errors in instructions only when, looking at the testimony, we can see that the jury may have been misled by them to the prejudice of the defendant, or when, in the absence of the testimony, it is apparent that the instructions would be improper under any possible condition of the evidence." (*People* v. *Donahue,* 45 Cal. 321.) The converse of the proposition is, that when an instruction is refused on the ground that there is no evidence in the case to support it (as was done here), the party complaining must show that there was evidence which rendered the instruction relevant and proper.

3. The third alleged error arises out of the refusal of the Superior Court to give the following instruction to the jury:

"In order to convict the defendant upon evidence of circumstances, it is necessary, not only that all the circumstances concur to show that he committed the crime charged, but that they are inconsistent with any other rational conclusion. It is not sufficient that the circumstances proved coincide with, account for, and, therefore, render probable the hypothesis sought to be established by the prosecution, but they must exclude to a moral certainty every other hypothesis but the single one of guilt, or the jury must find the defendant not guilty."

The instruction is marked "refused because this is not a case of circumstantial evidence." What has been said in reference to instruction eight is equally applicable to this one. It may be conceded that the instruction embodied the correct rule with respect to circumstantial evidence; but as there was

no such evidence in the case, it was but the statement of an abstract principle of law, upon which it was in no sense the duty of the Court to charge the jury. In addition to what has already been said by us, it may be remarked that the Court charged the jury upon the question of reasonable doubt, and by such charge they were fully informed and advised that all the facts in the case, material to the defendant's guilt, must be established by the prosecution to the entire satisfaction of the jury, and beyond a reasonable doubt.

We see no error in the case, and the judgment is therefore affirmed.

MYRICK, ROSS, McKEE, SHARPSTEIN, and THORNTON, JJ., concurred.