[No. 20,041. In Bank.—April 23, 1885.]

THE PEOPLE, RESPONDENT, *v.* JOHN J. O'BRIEN, APPELLANT.

CRIMINAL LAW—DEFENDANT WITNESS IN HIS OWN BEHALF—CROSS EXAMINATION—CONSTITUTIONAL LAW.—A defendant in a criminal prosecution, who has become a witness in his own behalf, cannot be cross-examined as to any facts or matters not testified to by him on his examination in chief. If the trial court permit a more extensive cross-examination, the right secured to the defendant by section 13, article 1, of the constitution is violated.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was convicted of the crime of embezzlement. The facts are stated in the opinion of the court.

*D. J. Murphy*, and *Chas. B. Darwin*, for Appellant.

*Attorney General Marshall*, and *Wm. M. Fitzmaurice*, for Respondent.

MORRISON, C. J.—The defendant was charged, in an information filed by the district attorney of San Francisco, with the embezzlement of a certain sum of money, to wit, $1000, the same being the property of the state, and on the trial he was called and examined as a witness on his own behalf. On the examination in chief his testimony was directed and confined to the alleged embezzlement of the particular sum of money mentioned in the information, but on the cross-examination he was

examined generally as a witness in the case. This course of proceeding was objected to very frequently by his attorney, but the objections were as often overruled by the court, and the examination was allowed to be as general as could have been made of any other witness in the case; the district attorney, in fact, making the defendant his own witness on behalf of the prosecution. The question is, Was this course of proceeding regular and proper under the law?

Section 13, article 1, of the constitution declares that no person shall " be compelled in any criminal case to be a witness against himself." There is, therefore, no power in the court to compel a defendant in a criminal case to take the stand; and it has been held that the failure of the defendant to testify in the case is not a circumstance from which any unfavorable inference can be drawn against him; and the provision of the statute is to the same effect.

But by section 1323 of the Penal Code, it is provided that " a defendant in a criminal action or proceeding cannot be compelled to be a witness against himself; but if he offer himself as a witness, he may be cross-examined by the counsel for the people as to all matters about which he was examined in chief. His neglect or refusal to be a witness cannot in any manner prejudice him, nor be used against him on the trial or proceeding." It is only under and by virtue of the foregoing provision of the Penal Code that a defendant in a criminal prosecution can be a witness at all; and when he is called on his own behalf and examined respecting a particular fact or matter in the case, the right of cross-examination is confined to the fact or matter testified to on the examination-in-chief. Such is the express language of the statute; and when the court, as it did in the case at bar, allowed the prosecution to make the defendant a general witness in its behalf, it invaded a right secured to the defendant not only by the statute but by the constitution.

For this error the judgment and order are reversed, and the cause remanded for a new trial.

McKINSTRY, J., MYRICK, J., and SHARPSTEIN, J., concurred.

McKEE, J., dissenting.—I dissent. No person accused of crime can be compelled to testify against himself, nor can any

witness be compelled to give evidence which would tend to criminate himself. But these are rights which may be waived; and when a defendant in a criminal action testifies in his own behalf he waives his right, and becomes a witness in the case, subject to be examined and cross-examined as any other witness. This, as I understand it, is the established doctrine upon the subject in the courts of all the states where a defendant in a criminal action is permitted to avail himself of the privilege of testifying. Say the Supreme Court of New York: " While it is at the option of one on trial upon an indictment for a criminal offense to become a witness, and while his refusal or neglect to testify will not create a presumption against him, yet when he has exercised his option, and has chosen to become a witness, he is competent for all purposes in the case ; and if by his own testimony he can, if innocent, explain and rebut a fact tending to show his guilt, and he fails so to do, the same presumption arises from his failure as would from the failure of another witness, if it was in his power." (*Stover* v. *State*, 56 N. Y. 315.)

By availing himself of the privilege of testifying in his own behalf, the defendant, therefore, voluntarily assumed the character of a witness, and he became subject to every rule adopted by the court for the purposes of cross-examination. (*People* v. *Reinhart*, 39 Cal. 449; *People* v. *Russell*, 46 Cal. 121 ; *People* v. *Benson*, 52 Cal. 380; *People* v. *Beck*, 58 Cal. 212.) Upon his cross-examination, he could not interpose his privilege, and object to answer any question asked of him in legitimate cross-examination. (*Com.* v. *Price*, 10 Gray, 472; *Com.* v. *Nichols*, 114 Mass. 286 ; *Norfolk* v. *Gaylord*, 28 Conn. 309.)

Now, the general rule applicable to the cross-examination of a witness is, that he may be cross-examined as to any facts and circumstances connected with matters testified to by him on his direct examination. This rule is applicable to the examination of a witness testifying in a criminal or civil action. (§ 1323, Penal Code, and § 2048, C. C. P.) Under this rule, we have invariably held that a defendant testifying in his own behalf may be, in cross-examination, questioned as to any matters connected with the facts to which he testified in his direct examination (*People* v. *Russell*, *supra*), or any matter tending to show bias against the party conducting the examination (*People* v.

*Benson, supra*), or as to whether he has been previously convicted of certain criminal offenses (*People* v. *Chin Mook Sow*, 51 Cal. 597); and the record of his convictions may be given in evidence against him; and if he has given testimony at his preliminary examination, the same may be given in evidence against him on his trial for the same offense. (*People* v. *Kelley*, 47 Cal. 125.)

The cross-examination of a witness is a matter which the law trusts to the discretion of the presiding judge. Generally, the rulings of the judge upon questions connected with the examination are not regarded as the legitimate subject of exception. (1 Greenl. Ev. 445.) It is only where there is an apparent abuse of discretion that an appellate court interferes. The object of all examinations is to elicit the whole truth, and not a part of it, and the conscience of the witness is bound by an oath to that effect.

It is no answer to say that a witness cannot be compelled to criminate himself, or to answer questions as to his participation in any offense for which he is not on trial. The law allows him to object to answering, on the ground that his answer might tend to criminate him; but that is a personal privilege of which he must avail himself. If he does not, he waives it, and is bound to answer.

It is legitimate cross-examination, to inquire as to the commission of offenses so connected with the offense for which a party is on trial, and as to which he has testified in his direct examination, as to form part of the transaction in which the crime or offense for which he is on trial was committed. This question has been considered and decided in the case of *People* v. *Gray, ante,* 271. I think the doctrine of that case is sound in law, and it is applicable to the cross-examination of a defendant in a criminal action, who has waived his privilege and testified in his own behalf. In *State* v. *Witham,* 72 Me. 535, it was objected that a defendant in a criminal prosecution was subjected to cross-examination, as to acts happening both before and after the principal act complained of. "Formerly," says the Supreme Court of that state, "the objection might have been regarded favorably in many courts. Latterly, however, courts and text writers are rapidly falling in with the view that acts prior and also subsequent to the act charged in the indict-

ment, when indicating a continuousness of illicit intercourse, are admissible in evidence as showing the relation and mutual disposition of the parties; the reception of such evidence to be largely controlled by the judge who tries the cause, and the evidence to be submitted to the jury, with proper explanation of its purpose and effect. We think this doctrine is most in accordance with the logic of the law and with the authorities. The same rule applies where intent, or system, or *scienter* may be involved, as illustrated in successive cheats or forgeries, or passing counterfeit money to different persons, and the like; the doctrine concerning which classes of crime may be found elaborately illustrated and supported in the text and cases cited in Whart. Crim. Ev., § 31, and sections following; and in 1 Greenl. Ev., §§ 53, 451, 454, and notes."

The defendant did not object to answer any of the questions asked by the district attorney, on the ground that it would tend to criminate him; and as the questions involved matters connected with the transaction to which he had testified in his direct examination, the questions were legitimate cross-examination. "When a defendant volunteers to testify in his own behalf, on the issue whether the alleged crime had been committed or not, he volunteers to testify in full. His oath in such case requires it. If he waives the constitutional privilege at all, he waives it all. He cannot retire under shelter when danger comes. The door opened by him is shut against retreat." (*State* v. *Witham, supra.*)

THORNTON, J., dissenting.—I concur in the foregoing opinion, except that portion of it in relation to *People* v. *Gray.*