[No. 21028.   Department Two.—December 23, 1893.]

## THE PEOPLE, RESPONDENT, *v.* PHIL CROWLEY, APPELLANT.·

CRIMINAL LAW—ATTEMPT TO COMMIT BURGLARY—INTENT—LARCENY—ROBBERY—INSTRUCTION.—Upon the trial of a defendant charged with the crime of an attempt to commit burglary in that he feloniously entered a house with intent to commit larceny, it is not error for the court to refuse to give an instruction to the jury requested by the defendant, to the effect that if he attempted to enter the house forcibly with the intention of forcibly taking personal property from the immediate presence or possession of the occupant and against his will, and by means of force or fear, he ;could not be convicted of the crime charged. If the defendant had the intent to commit robbery, that intent included all the elements of an intent to commit larceny.

ID.—CROSS-EXAMINATION OF DEFENDANT—IMPEACHMENT—CONVICTION OF FELONY.—A defendant in a criminal action who offers himself as a witness may be asked on cross-examination, for the purpose of impeaching him, if he had not been previously convicted of a felony, and the fact that the information charges such previous conviction, which the defendant, by his plea, confesses, does not render the cross-examination improper.

ID.—REVIEW OF EVIDENCE—SPECIFICATION OF INSUFFICIENCY.—Although it is not necessary for the appellant to state in a criminal proceeding the particulars in which the evidence is insufficient to sustain the verdict, yet it must appear somewhere in the record that the point of the insufficiency of the evidence was made in the court below in order to entitle the appellant to raise the point upon appeal.

ID.—JUDGMENT ROLL—NOTICE OF MOTION FOR NEW TRIAL.—A notice of motion for a new trial is no part of the judgment-roll, and can be made part of the record only by a bill of exceptions.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Carroll Cook,* and *George A. Sturtevant,* for Appellant.

*Attorney-General W. H. H. Hart, J. Q. White,* and *J. E. Pemberton,* for Respondent.

McFARLAND, J.—The appellant was informed against and convicted of the crime of an attempt to commit burglary, and he appeals from the judgment and from an order denying a new trial. There are only two points made by appellant which need special notice— which points, by the way, are not discussed in the brief of respondent.

1. The charge is that appellant feloniously attempted to enter the house of one Patrick Kenny with intent to commit larceny, and it is contended that the court erroneously refused to give an instruction to the jury to the effect that if he attempted to enter the house forcibly, with the intention "of forcibly taking personal property from the immediate presence or possession of said Patrick Kenny, and against his will, and by means of force or fear," then he could not be convicted of the crime charged in the information. We do not think that the court erred in this ruling. A charge that the attempted entry was with intent to commit a certain offense would not be sustained by proof of an intent to commit an entirely different sort of offense, as, for instance, the charge of intent to commit larceny would not be sustained by proof of an intent to commit rape. But larceny and robbery are generically the same—the one being merely an aggravated form of the other. Each is the felonious taking of the personal property of another, although in robbery the felonious taking is accomplished by force or threats. The text-books speak of robbery as "an aggravated species of larceny." (2 Russell on

Crimes, 101.)   In East's Pleas of the Crown, the author, after speaking of certain larcenies from the person, says: "The next species of aggravated larceny from the person is robbery"; and indeed the distinction between certain larcenies from the person and robbery is often hard to draw.   It has been held here that robbery necessarily includes larceny, and that under an indictment for the former there may be a conviction of the latter. (*People* v. *Jones*, 53 Cal. 58; *People* v. *Gilbert*, 60 Cal. 111.) In *People* v. *Jones*, 53 Cal. 58, the court say that "an indictment for robbery must aver every fact necessary to constitute larceny and more."   This being so, if the appellant had the intent to commit robbery, that intent included all the elements of an attempt to commit larceny.   The information in the case at bar therefore sufficiently complies with the reason of the rule that a defendant must be informed of the charge against him. We have been referred to no case to the contrary.

2. The information charges that appellant had been previously convicted of a felony, and by his plea appellant confessed the prior conviction.   While on the stand as a witness for himself the appellant testified to some things which occurred on the night of the alleged burglary, and, on cross-examination, he was asked by counsel for the prosecution if he had not been previously convicted of a felony.   Appellant objected to the question, and his objection was overruled, and he contends that this ruling was erroneous.

The first legislation about the testimony of a defendant in a criminal case—except the general provision that he could not be compelled to testify against himself—was that on a preliminary examination he might make a statement if he so desired; but he could not be asked any question except by the magistrate, who could ask him only a few questions expressly enumerated in the statute.   (Hittell's General Laws, secs. 1742–46.) It was afterwards enacted that on the trial of a person charged with crime "the person so charged shall, at his own request, but not otherwise, be deemed a competent

witness, the credit to be given to his testimony being left solely to the jury." When the codes were adopted, section 1323 of the Penal Code simply provided that "a defendant in a criminal action or proceeding to which he is a party is not, without his consent, a competent witness for or against himself." Thus far there was no provision about the cross-examination of the defendant when he offered himself as a witness; although it was always provided that he could not be compelled to testify against himself. In some of the states he is allowed to make a statement before the jury, but cannot be cross-examined at all. But in 1874 the present statutory law upon the subject was enacted by an amendment to said section 1323 of the Penal Code, which made it read as follows: "A defendant in a criminal action or proceeding cannot be compelled to be a witness against himself. But if he offer himself as a witness he may be cross-examined by the counsel for the people as to all matters *about which he was examined in chief."*

The proper construction of section 1323 as it now stands has not been definitely settled. In *People* v. *Rozelle,* 78 Cal. 84, there is some general language in the opinion of the majority of the court, to the effect that the same rule applies to a defendant as to other witnesses; but that language is immediately qualified in the next sentence. The only thing decided there was that after a defendant, as a witness, " had denied, *in general terms,* that he aided, abetted, counseled, or encourged the commission of the offense charged," he might be asked, on cross-examination, if he had written a certain letter showing that he had so aided, etc. Of the cases cited in the opinion, *People* v. *McGungill,* 41 Cal. 431; *People* v. *Dennis,* 39 Cal. 634; *People* v. *Reinhart,* 39 Cal. 449, and *People* v. *Russell,* 46 Cal. 121, were all decided before section 1323 was enacted, and therefore afford no aid in its construction. In *People* v. *Beck,* 58 Cal. 212, there was no question as to the cross-examination of a defendant, the only thing there decided

being that he could be impeached as a witness by show-
ing his bad character for truth. *People* v. *Johnson,* 57
Cal. 571—which will be noticed hereafter—is in point
as to one phase of the question. We have been referred
to no case decided since the present condition of the
*statutory law* on the subject, which holds that the cross-
examination of a defendant may be as wide as that of
any other witness. On the other hand, in *People* v.
*O'Brien,* 66 Cal. 602, Morrison, C. J., delivering the
opinion of the court, after quoting section 1323 as it
now stands, says of a defendant in a criminal action, that
" when he is called on his own behalf and examined
respecting a particular fact or matter in the case, the
right of cross-examination is confined to the fact or
matter testified to on the examination in chief," and
that " such is the express language of the statute." It
is not correct to say that section 1323 merely states the
common-law rule as to the cross-examination of wit-
nesses generally; for witnesses under the general rule
can, for various purposes, be asked concerning matters
about which they had not been examined in chief.
(2 Phillips on Evidence, p. 895 *et seq.*) And in *People*
v. *O'Brien,* 96 Cal. 171, the court say that " so far as the
defendant is concerned, the court is not allowed that
discretion as to the extent of the scope of the cross-
examination which it is permitted to exercise in the ex-
amination of the other witnesses."

But with respect to the precise point made in the case
at bar, this court, in *People* v. *Johnson,* 57 Cal. 571, ruled
against the contention of appellant. In that case the
defendant was asked on cross-examination if he had not
been convicted of a prior felony, and it was held that
the trial court had not erred in allowing the question.
The decision was based upon the ground that section
2051 of the Code of Civil Procedure is the governing
section as to such question; and that section provides
that, for the purpose of impeaching " a witness," it
" may be shown by the examination of the witness . . . .
that he had been convicted of a felony." Counsel for

appellant contends very forcibly that, as in a case like the one at bar, the part of the information charging a prior conviction cannot be read to the jury, there should be no evidence allowed on that subject; and that such rule cannot be evaded through the form of cross-examining the defendant. But those were the very facts presented in *People* v. *Johnson*, 57 Cal. 571; and upon the authority of that case we must hold that the contention of appellant cannot be maintained.

Counsel for appellant makes the point, in his brief, that the verdict is not sustained by the evidence; but no such point appears in the record. The bill of exceptions shows upon its face that it does not contain all the evidence. Only enough of the evidence to illustrate the points made is presented. It is true that in a criminal case it is not necessary for the appellant to state the particulars in which the evidence was insufficient to sustain the verdict, but it must appear somewhere in the record that the point of the insufficiency of the evidence was made. Where no such point is made the prosecution is not called upon to see to it that all the evidence is put into the bill of exceptions. In the case at bar it does not appear from the bill of exceptions, that insufficiency of the evidence to sustain the verdict was one of the grounds upon which the motion for a new trial was based. The point, therefore, is not before us.

Since writing the above our attention has been called to the fact that appellant, under a suggestion of diminution of the record, has filed here a certified copy of a motion for new trial. But a notice of motion for a new trial is no part of the judgment-roll, and can be made part of the record only by a bill of exceptions. However, we have examined the evidence; and while it is clear that neither party intended that all the evidence should be put into the bill of exceptions, still we think that there is sufficient of it to support the verdict.

We do not think that either of the other points made by appellant is tenable, or requires special notice.

In *People* v. *Gallagher*, *ante*, p. 466, this day decided,

the right to cross-examine a defendant is quite fully discussed.

The judgment and order appealed from are affirmed.

FITZGERALD, J, and DE HAVEN, J., concurred.

Hearing in Bank denied.