[Crim. No. 1183.   Department One.—January 30, 1905.]

## THE PEOPLE, Respondent, v. WONG FOOK SAM, Appellant.

CRIMINAL LAW—PERJURY—INSTRUCTION—OMISSION—ABSENCE OF BILL OF EXCEPTIONS—CONCEIVABLE GROUND FOR OMISSION.—Upon a trial for perjury, an instruction to the effect that if the jury were satisfied beyond a reasonable doubt by the testimony of two witnesses, or of one witness and corroborating circumstances, that the testimony given at the trial in question was false, their verdict should be guilty, though such instruction omits the necessary elements that such testimony was willfully false, and with the knowledge of the defendant that it was false, is not ground for reversal, in the absence of a bill of exceptions, it being conceivable that the omitted elements of the offense were admitted on the trial to exist, leaving only the elements of falsity to be determined.

ID.—STATEMENT OF COURT TO JURY—ADMISSION OF AVERMENTS OTHER THAN FALSITY—CORRECTNESS NOT REVIEWABLE.—A statement of the court to the jury that all of the allegations of the information were admitted by the defendant except the question as to whether the testimony was true or false, can be reviewed only on a bill of exceptions showing the proceedings.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Henry C. Dibble & Dibble, and Edgar D. Peixotto, for Appellant.

U. S. Webb, Attorney-General, C. N. Post, Assistant Attorney-General, and George D. Collins, for Respondent.

ANGELLOTTI, J.—The defendant was convicted of perjury, and appeals from the judgment. There is no bill of exceptions, the appeal being on the judgment-roll alone.

The only point made for reversal is, that the court erred in instructing the jury as follows, viz.: ''The only question for you to determine is, was it true or false. . . . If you are satisfied beyond all reasonable doubt by the testimony of two witnesses, or by the testimony of one witness and corroborating circumstances, that the testimony given in that trial was false, your verdict in that case would be 'We, the jury, find the defendant guilty as charged in the information.' ''

The contention is, that this instruction omits an essential element of the crime of perjury,—viz., that the testimony upon which the charge is based was not only false, but was willfully given, with the intent that it should be taken as true, and was given with the knowledge on the part of the witness that it was false. It is not disputed that this was an essential element. (*People* v. *Von Tiedeman,* 120 Cal. 128, and cases there cited.) The code, in defining perjury, provides that ''Every person who, having taken an oath that he will testify . . . truly . . . *willfully and contrary to such oath states as true any material matter which he knows to be false,* is guilty of perjury.'' (Pen. Code, sec. 118.) The information against defendant was drawn in accordance with this well-settled principle, charging not only that the testimony was false, but that it was willfully given, with the knowledge on the part of the defendant that it was false and untrue.

It is, however, a well-established rule that, in the absence of the evidence, this court will not reverse a judgment for the giving of an instruction, unless such instruction would be erroneous in every conceivable state of the case. (*People* v. *Mendenhall,* 135 Cal. 344, 347; *People* v. *Strong,* 46 Cal. 302; *People* v. *Donahue,* 45 Cal. 321; *People* v. *Torres,* 38 Cal. 141.) In *People* v. *Donahue,* 45 Cal. 321, this rule was ap-

plied in a capital case, and this court in affirming the judgment, while admitting that the instruction may have been erroneous, said: "Still, if any state of facts might have been proved in view of which it would be proper, then we must suppose that that state of facts was proved, and that the defendant was not prejudiced. The rule is that judgments will be reversed for alleged errors in instructions only when, looking at the testimony, we can see that the jury may have been misled by them to the prejudice of the defendant, or when, in the absence of the testimony, it is apparent that the instruction would be improper under any possible condition of the evidence. . . . It would not be difficult to suppose a case that would justify the instruction, and under the rule announced we cannot reverse the judgment."

We are of the opinion that this rule must be held applicable to this case. It is conceivable that all the elements essential to perjury, except the single one of the untruth or falsity of the testimony, were on the trial, and for all the purposes of the trial, effectually admitted to exist, and that the only real question left for determination by the jury was as to whether the alleged false testimony had been satisfactorily proved to be false by the testimony of two witnesses, or by the testimony of one witness and corroborating circumstances.

If this was the state of the case, it cannot be held that the instruction was improper. It may seem unlikely that one on trial for perjury should, for the purposes of the trial, deny the allegation that the alleged false testimony was untrue, and at the same time admit the truth of the allegation to the effect that he willfully gave the testimony with the knowledge that it was untrue. Yet such a condition of affairs is conceivable, and that is all that is necessary to preclude us, in the absence of a bill of exceptions showing the proceedings, from holding that the instruction was erroneous.

The essential as to knowledge of falsity pertains to the condition of mind of the witness at the time he gives the alleged false statement. The question in that connection is, Did he at the time know the statement to be false in fact? If the statement was in fact true, he could not, of course, have known it to be false, but the subject-matter of the statement may be such that the defendant well knows that if such falsity can be shown by the testimony of two witnesses, or one

witness and corroborating circumstances (as is required by section 1968 of the Code of Civil Procedure), it would be useless for him to deny that he knew it to be false. He might therefore choose to put the prosecution upon proof only as to the question as to whether the alleged false testimony was in fact true or false, and, for all the purposes of the trial, effectually admit all the other allegations of the information, including the one as to his knowledge. Such a state of the case is clearly conceivable, and if it existed, the instruction was not erroneous.

The instruction in question was part of a general instruction upon the evidence essential to show perjury. The court had already defined perjury, in the language of section 118 of the Penal Code, and then informed the jury that under the Code of Civil Procedure the statement alleged to have been testified to falsely must be proved to be false either by the testimony of two witnesses, or one witness and corroborating circumstances. In this connection, the court said: "In this case all of the allegations of the information, except the question as to whether the testimony given was true or false, are admitted. All the allegations of the information, with the exception of that stated, are admitted, and the court instructs you that on those facts of course there is no question. That the trial was had as charged in the information and the oath administered as charged in the information, the oath taken as charged in the information, and the testimony so given, as charged in the information, and that the testimony was material, as charged in the information. The only question for you to determine is, was it true or false. You must determine that yourselves. It is a question of fact resting solely with you, and you must find that it was false, either from the testimony of two witnesses, or from the testimony of one witness with corroborating circumstances, and if such testimony is not before you, of course you cannot convict, or if you have a reasonable doubt, from all the testimony in the case, as to whether it was true or false—whether the testimony given on the trial mentioned in the information was true or false, he is entitled to an acquittal at your hands." Then followed the concluding paragraph of the portion hereinbefore quoted.

It thus appears that the court told the jury, in terms, that

*all* of the allegations of the information except the single one as to the falsity of the testimony were in fact admitted. This absolute statement is not qualified or limited by the subsequent paragraph in which the court further stated several particulars wherein the allegations of the information were admitted. Such statement in no way purports to be a limitation on the preceding statement, and is not at all inconsistent therewith. With the question as to whether the fact was in accord with the statement of the court that all of the allegations were admitted except the single one as to the falsity of the testimony, we are not here concerned. That question could arise only on a bill of exceptions showing the proceedings.

It is suggested that the issue really left for the consideration of the jury after the admissions made on the trial, was as to the *"legal* truth or falsity" of the testimony, as distinguished from its truth or falsity in point of fact, and that this is shown by the instructions of the court. The word "false" in the statute defining perjury means false in point of fact. As used in the instruction, it undoubtedly means the same thing. If the instruction could be construed as meaning what is called by appellant "legal falsity," it would not be open to the criticism made by him, for it would have required the jury to find the existence of all the elements essential to such "legal falsity" before they could convict.

But the term "legal falsity" is meaningless in this connection. To constitute perjury, the testimony given must be false in point of fact, and must have been given with knowledge that it was so false in point of fact. These are separate and distinct elements, and each must be alleged in the information. "To say that a witness testified falsely does not necessarily imply that he did it willfully or knowingly; and saying that he so testified contrary to his oath is merely to say in another form that he testified falsely. The language of the statute is '*willfully* and contrary to such oath states as true any material matters which he *knows to be false.*' (Pen. Code, sec. 118.) This or language of like import must be employed to satisfy the statute." (*People* v. *Ross,* 103 Cal. 425.)

According to the statement of the court as shown by its

instructions, the only allegation of the information that had not been admitted was the allegation to the effect that the testimony was false in point of fact.

The judgment is affirmed.

Van Dyke, J., and Shaw, J., concurred.