*Supp. 773
 
 SHAW, P. J.
 

 Section 654a of the Penal Code prohibits advertising containing any statement which “is false or untrue, in any respect, or which is deceptive or misleading, and which is known, or by the exercise of reasonable care should be known, to be false or untrue, deceptive or misleading”. The controlling words here are: False, untrue, deceptive, misleading. Whatever construction may be put, in this statute, on the word “false”, which sometimes connotes an intent to deceive and sometimes does not (25 Cor. Jur. 436;
 
 People
 
 v.
 
 Wong Fook Sam,
 
 (1905) 146 Cal. 114, 118 [79 Pac. 848]), or on the word “deceptive”, which does not always imply such an intent (see Webster’s Dictionary quoted below), no such intent is implied by the word “misleading”. • Turning to Webster’s New International Dictionary, 1938 edition, we find the following definitions: “Mislead: To lead into a wrong way or path; to lead astray; to cause to err; to deceive.” “Deceptive: Tending to deceive; having power to mislead.” Under the word “Fallacious” appear the following definitions distinguishing somewhat synonymous words: " That is misleading which either with or without intention leads into error, especially of judgment. Deceptive . . . does not always imply intent to deceive.” Since the statute couples the adjectives above quoted from it by the disjunctive “or”, it is manifest that a violation of it may be committed by making statements which are merely misleading, that is, tend to lead astray or into error, without any specific intent to deceive, and it has been so held on a like statute.
 
 (State
 
 v.
 
 Beacon Pub. Co.,
 
 (1935) 141 Kan. 734 [42 Pac. (2d) 960, 964].)
 

 The advertisement here in question is of that class. It reads: “Special sale Firestone Convoy tubes 50% off regular first-line tube list price.” The natural tendency of this was to cause the reader, if he knew no more than the advertisement told him, to believe that Convoy tubes were firSt-line tubes and were to be specially sold at 50 per cent off regular list price therefor. The fact was that Convoy tubes were not -first-line but third-line tubes, contrary to the implication from the advertisement. The advertisement, although literally true, was nevertheless deceptive and misleading in its implications and this is sufficient to bring it under the ban of the statute. The fact that a Firestone dealer, or other person who knew the whole truth, would not be led
 
 *Supp. 774
 
 astray by it does not make it lawful. None of the advertising described in the statute, even though utterly false, could harm one who knew the truth, but such laws are passed to protect the general public who read advertisements and are likely to know nothing of the facts, not the dealers who publish them or other experts on their subject-matter.
 

 The defendant knew the facts, and he caused the advertisement to be published. Its misleading character appears on applying its words to the facts. Hence the jury properly found that defendant either knew or by reasonable care should have known that character. They were not bound to accept his statement that he did not read this part of the advertisement. Neither can defendant escape responsibility because others wrote the advertisement and he acted on the orders of his superiors in causing it to be published. Such facts are no defense to a charge of crime.
 

 While we agree with defendant that the prosecuting attorney was guilty of misconduct in his argument, we cannot see how it has resulted in any miscarriage of justice. The suggestion that defendant’s employer was not being prosecuted because it could not be reached does not seem one which would arouse any prejudice
 
 against
 
 him, and certainly the court’s instruction to disregard it should avert from him any such harmful result. The prosecutor’s statement about the effect of the advertisement in misleading him personally was, as made, a statement of his personal opinion that the advertisement was misleading and while it was improper, we do not think it can have led the jury to a verdict they would not otherwise have reached. (See,
 
 People
 
 v.
 
 Zirbes,
 
 (1936) 6 Cal. (2d) 425, 429 [57 Pac. (2d) 1319];
 
 People
 
 v.
 
 Chilcott,
 
 (1937) 18 Cal. App. (2d) 583, 589 [64 Pac. (2d) 450].)
 

 The judgment is affirmed.
 

 Bishop, J., and Sehauer, J., concurred.
 

 Rehearing denied March 25, 1940.