[Civ. No. 42986. Second Dist., Div. Four. Aug. 27, 1974.]

COLLEGE OF PSYCHOLOGICAL AND SOCIAL STUDIES,
Plaintiff and Respondent, v.
BOARD OF BEHAVIORAL SCIENCE EXAMINERS,
Defendant and Appellant.

368

**COUNSEL**

Evelle J. Younger, Attorney General, and Marilyn M. Moffett, Deputy Attorney General, for Defendant and Appellant.

Cutler & Cutler and R. B. Cutler for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—The case at bench involves an attempt by defendant Board of Behavioral Sciences to regulate certain persons who hold, or who may hereafter hold, licenses issued by it, under chapter 4, part 3, division 7 of the Business and Professions Code,[1] as marriage, family and

---

[1]Unless otherwise indicated, all statutory citations herein are to the Business and Professions Code.

child counselors. We hold that, insofar as the persons involved in this case are concerned, the attempt herein involved is illegal. We point out that we decide only the facts presented in the case at bench—namely the use, by persons licensed or entitled to be licensed by the board under section 17804 of the Business and Professions Code, who seek to advertise the fact that they hold valid doctoral degrees from institutions not "accredited" by the board; we do not consider the rights of the board as to persons not meeting the requirements of section 17804, nor as to persons seeking to advertise the holding of doctoral or other degrees not validly issued under section 29007 of the Education Code,[2] nor as to persons engaged in that advertising prohibited by section 17500 of the Business and Professions Code.

Plaintiff, College of Psychological and Social Studies, a nonprofit corporation, filed a complaint for declaratory relief and for a preliminary injunction on behalf of itself and its students and graduates. Defendant, Board of Behavioral Science Examiners, admitted it would initiate administrative action against those licensees who advertised in violation of section 1834 of title 16 of the California Administrative Code. Defendant board alleged that plaintiff institute is not accredited by one of the accrediting agencies accepted by defendant, and that any licensee who uses a degree from plaintiff in its advertising in connection with the practice of counseling is subject to administrative action by defendant board pursuant to section 1834. Plaintiff alleged that it is authorized to issue "Master's and Doctorate" degrees under section 29007 of the Education Code, and that all candidates for plaintiff's Ph.D. program must have a master's degree in the behavioral sciences from an approved university or college.

The trial court, sitting without a jury, found that subsections (a) and (b) of rule 1834, title 16, chapter 18, article 4 of the California Administrative Code are invalid as said sections apply to individuals receiving Ph.D. degrees from plaintiff institute and who may have been or may be granted a license as a marriage and family and child counselor. Defendant board was enjoined from taking action to enforce rule 1834 against plaintiff or its graduates. Defendant board appeals.

Plaintiff institute has been granted tax exempt status. Several of plaintiff's students testified. Miss Marjanian has a bachelor's and master's degree from accredited institutions and chose to attend plaintiff school because she needed full time employment, because it offered courses in

---

[2]Thus we do not face the situation involved in *Packer* v. *Board of Medical Examiners* (1974) 37 Cal.App.3d 63 [112 Cal.Rptr. 76].

her specialty and because the school's analysis requirement was beneficial. She was aware that the school was not accredited.

Bailey McCune, who has been licensed by defendant board and is a licensed school psychologist, obtained his Ph.D. from plaintiff institute. Marjorie Nix Day, another credentialed school psychologist, has a marriage counselor's license and an educational license from the Board of Behavioral Science Examiners. Other students similarly testified. Defendant board put on no witnesses.

The only issue before this court is whether subsections (a) and (b) of rule 1834, of title 16, chapter 18, article 4 of the California Administrative Code are invalid as said sections apply to those individuals receiving a Ph.D. or who may have received a Ph.D. from plaintiff, an unaccredited institution, where those persons have also been granted a license as a marriage, family and child counselor by defendant board.

The applicable code sections are as follows:

Business and Professions Code section 17804 provides: "To qualify for a license [as a marriage, family and child counsellor] an applicant shall have all the following qualifications:

"(a) (1) At least a master's degree in marriage counseling, in social work or in one of the behavioral sciences, including, but not limited to, sociology or psychology, obtained from a college or university accredited by the Western College Association, the Northwest Association of Secondary and Higher Schools, or an essentially equivalent accrediting agency as determined by the board.

"(2) After September 1, 1975, an applicant shall have at least a master's degree in marriage, family and child counseling, or its equivalent, obtained from a school, college or university accredited by any of the above listed accrediting associations or agencies. Equivalent degrees include, but are not limited to, the master's degree in social work, and the master's degree in child development and family studies.

"(b) At least two years' experience, of a character approved by the board, under the direction of a person who holds the marriage, family and child counseling license or at least two years' experience of a type which in the discretion of the board is equivalent to that obtained under the direction of such a person.

"(c) Must be at least 18 years of age."

Business and Professions Code section 17806 provides: "The board may adopt such rules and regulations as may be necessary to enable it to carry into effect the provisions of this chapter. The adoption, amendment or repeal of such rules and regulations shall be made in accordance with Chapter 4.5 (commencing with Section 11371) of Part 1 of Division 3 of Title 2 of the Government Code.

"The board may, by rules or regulation, adopt, amend, or repeal rules of professional conduct appropriate to the establishment and maintenance of a high standard of integrity and dignity in the profession, provided such rules or regulations are not inconsistent with Section 17820. Every person who holds a license to practice marriage, family and child counseling shall be governed by such rules of professional conduct."

Business and Professions Code section 17820 provides in part: "The board may refuse to issue a license, or may suspend or revoke the license of any licensee if he has been guilty of unprofessional conduct which has endangered or is likely to endanger the health, welfare, or safety of the public. Such unprofessional conduct shall include:

". . . . . . . . . . . . . . . . . . .

"(d) Improper advertising."

Business and Professions Code section 17802 defines "advertising" as follows: " 'Advertise,' as used in this chapter, includes, but not by way of limitation, the issuance of any card, sign, or device to any person, or the causing, permitting, or allowing of any sign or marking on or in any building or structure, or in any newspaper or magazine or in any directory, with or without any limiting qualification. Signs within church buildings and notices in church bulletins mailed to a congregation shall not be construed as advertising within the meaning of this chapter."

The term advertising is also defined by section 17500 of the code in the following terms: "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this State, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, any statement, concerning such real or personal property or services, profes-

sional or otherwise, or concerning any circumstances or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any such person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell such personal property or services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

■ Purportedly acting under the authority of section 17806, above quoted, the board enacted section 1834 of title 16 of the California Administrative Code which provides as follows: "For the purposes of Section 17820(d) of the Code, improper advertising in connection with the practice of marriage, family and child counseling shall include, among other things, the following:

"(a) Employing any degree obtained from a school which is not accredited by one of the accrediting agencies accepted by the board, or any honorary degree.

"(b) Making any statement in advertising which would or may tend to mislead the public as to the individual's competence, education, qualifications or experience;

"(c) Making of other false or misleading claims in advertising."

Respondent, an unaccredited educational institution, contends that rule 1834 (which makes the use of a degree from an unaccredited school in connection with counseling to be improper advertising) is invalid on the ground that the rule does not lie within the scope of authority conferred by the Legislature on the board. Respondent institute argues that rule 1834 enlarges or modifies the authority conferred on defendant board by the Legislature, and that the board has no power to modify, alter or enlarge the provisions, but only to administer the provisions of the chapter.[3]

We turn to the question of whether administrative rule 1834, which states that the use of a degree from an unaccredited school is improper advertising, is a rule that is void as applied to plaintiff institute under the circumstances herein involved, as being beyond the authority of the Board of Behavioral Science Examiners.

---

[3]Business and Professions Code section 17800.7 reads as follows: "The board shall administer the provisions of this chapter."

Also, see again Business and Professions Code section 17806, *supra*.

■

Section 17500.1 provides: "No state board or commission within the Department of Consumer Affairs shall enact any rule or regulation which shall restrict or prohibit advertising by any commercial or professional person, firm, partnership or corporation which does not violate the provisions of Section 17500 of the Business and Professions Code. Any existing rules or regulations conflicting with this section are hereby repealed.

"The provisions of this section do not apply to any rules or regulations heretofore or hereafter formulated pursuant to Section 6076 of this code."

It follows that, unless the use by a licensee of the board of a validly conferred degree from an unaccredited institution falls within the prohibitions of section 17500, its use cannot be prohibited by any rule of the board.

The cases dealing with section 17500 have dealt with what is improper advertising. Under section 17500 a board is powerless to prohibit or restrict advertising which is not untrue or misleading (*Cozad* v. *Board of Chiropractic Examiners* (1957) 153 Cal.App.2d 249, 255 [314 P.2d 500]), but a violation of section 17500 does occur by the making of a statement which is merely misleading or which tends to lead astray or into error. (*People* v. *Wahl* (1940) 39 Cal.App.2d Supp. 771 [100 P.2d 550].) It has been held that where a brochure impliedly promised one thing and something less was delivered, there was a violation of section 17500.[4] (*People* v. *Tierney* (1967) 253 Cal.App.2d 1 [61 Cal.Rptr. 164].)

The pertinent question therefore is whether rule 1834 is an invalid attempt by the board to prohibit advertising which is not misleading (see *Cozad* v. *Board of Chiropractic Examiners, supra,* 153 Cal.App.2d 249), or is a valid attempt to prevent statements that are misleading or which lead astray or into error. (*People* v. *Wahl, supra,* 39 Cal.App.2d Supp. 771.)

The power to adopt rules and regulations is not a grant of legislative power and in promulgating such rules, administrative boards may not alter or amend the statute or enlarge it, or impair its scope. (*Morris* v. *Williams* (1967) 67 Cal.2d 733 [63 Cal.Rptr. 689, 433 P.2d 697]; *Whitcomb Hotel, Inc.* v. *Cal. Emp. Com.* (1944) 24 Cal.2d 753 [151 P.2d 233, 155 A.L.R. 405]; *Renken* v. *Compton City School Dist.* (1962) 207 Cal.App.2d 106 [24 Cal.Rptr. 347].) The Legislature may " 'validly confer on administrative officers power to "fill up the details" by prescribing

---

[4]Section 17500 also deals with unfair competition.

rules and regulations to promote the spirit and purpose of the legislation and its complete operation' " (*Cozad* v. *Board of Chiropractic Examiners* (1957) 153 Cal.App.2d 249, 255-256 [314 P.2d 500]), but the board may not restrict advertising which does not violate the existing code sections. The Legislature is free to deal with unaccredited schools, but the administrative board may not enlarge on legislative efforts in that area.

Appellant board relies on several opinions of the Attorney General dealing with the power of administrative boards to prevent misleading advertising. Since each case of "alleged misleading advertising" relates to its own set of facts, none of the Attorney General's opinions cited by the board tends to show that the granting of a Ph.D. from an unaccredited school to persons who are licensed and who have Master's degrees from accredited schools, is misleading advertising as defined in the statutes.

In summary, Business and Professions Code section 17806 grants to the board the power to adopt rules and regulations necessary to effect the provisions of the chapter. Nothing grants the board power to enlarge the provisions of the chapter.

Although we agree with the purpose of the judgment below, the language used goes beyond the issues involved in this case and states a rule broader than necessary. Accordingly we modify the judgment to read as follows:

IT IS ORDERED, ADJUDGED AND DECREED that section (a) of rule 1834 of title 16, chapter 18, article 4 of the California Administrative Code is invalid as said section applies to those individuals who have received or may hereafter receive a Ph.D. degree from plaintiff herein, and that section (b) of said rule is invalid insofar as it is applied to said degree holders because of their use of such degrees.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant Board of Behavioral Science Examiners be, and it is hereby, permanently enjoined and restrained from prosecuting or taking any administrative action against plaintiff or against any such degree holders to enforce said rule 1834 on the ground of the use by any of such degree holders of Ph.D. degrees conferred on them by plaintiff.

As so modified, the judgment is affirmed; respondent shall recover its costs on appeal.

Files, P. J., and Dunn, J., concurred.