Natalia BRUTON, individually and
on behalf of all others similarly
situated, Plaintiff-Appellant,

v.

GERBER PRODUCTS COMPANY,
Defendant-Appellee.

No. 15-15174

United States Court of Appeals,
Ninth Circuit.

Argued December 13, 2016

Submitted April 19, 2017 San
Francisco, California

JULY 17, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Lucy H. Koh, District Judge, Presiding

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

## ORDER

Defendant-Appellee Gerber Products Company's Petition for Rehearing is **GRANTED, in part.** The memorandum disposition previously filed on April 19, 2017, and the partial dissent filed with it, are hereby withdrawn, and a new memorandum disposition shall be filed simultaneously.

## MEMORANDUM *

Plaintiff-Appellant Natalia Bruton filed a putative class action against baby food manufacturer Gerber Products Company (Gerber). Bruton alleged that labels on certain Gerber baby food products included claims about nutrient and sugar content that were impermissible under Food and Drug Administration (FDA) regulations incorporated into California law. The district court dismissed several of Bruton's claims, denied class certification, denied partial summary judgment for Bruton, and granted summary judgment to Gerber. Bruton appeals, challenging the district court's orders. We have jurisdiction under 28 U.S.C. §§ 1291 and 1332(d). We reverse and remand.

■ **1.** The district court erred in dismissing Bruton's claim for unjust enrichment/quasi-contract. At the time when the district court dismissed this claim, California's case law on whether unjust enrichment could be sustained as a standalone cause of action was uncertain and inconsistent. But since then, the California Supreme Court has clarified California law, allowing an independent claim for unjust enrichment to proceed in an insurance dispute. *See Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.,* 61 Cal. 4th 988, 1000, 190 Cal.Rptr.3d 599, 353 P.3d 319 (2015); *see*

*also Ghirardo v. Antonioli,* 14 Cal. 4th 39, 54, 57 Cal.Rptr.2d 687, 924 P.2d 996 (1996) (recognizing independent cause of action for unjust enrichment relating to real estate transaction). In light of this clarification, we reverse the district court's dismissal and remand for consideration of whether there are other grounds on which Bruton has failed to state a claim for unjust enrichment, or if that claim must proceed to resolution.

■ **2.** The district court erred when it held that the class could not be certified because it was not "ascertainable." Again, the district court's reasoning runs headlong into an inconsistent case that was decided after the district court's ruling. In *Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121 (9th Cir. 2017), our court—using different terminology for what the district court called "ascertainability"—held that there was no separate "administrative feasibility" requirement for class certification. *Id.* at 1123. We reverse the district court's denial of class certification and remand for further consideration of whether class certification is appropriate.

**3.** The district court properly held that there was no genuine dispute of material fact on Bruton's claims that the labels were deceptive in violation of California's Unfair Competition Law (UCL), *see* Cal. Bus. and Prof. Code § 17200, False Advertising Law (FAL), *see id.* § 17500, and Consumer Legal Remedies Act (CLRA), *see* Cal. Civ. Code § 1770.

Bruton's theory of deception does not rely on proving that any of Gerber's labels were false. Rather, Bruton contends that the combination of (a) the presence of the claims on Gerber's products (in violation of FDA regulations), and (b) the lack of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claims on competitors' products (in compliance with FDA regulations), made Gerber's labeling likely to mislead the public into believing that Gerber's products were of a higher quality than its competitors' products.

Bruton's theory of deception may be viable. The California courts have held that even technically correct labels can be misleading. *See Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 510, 129 Cal. Rptr.2d 486 (2003) ("The advertisement, although literally true, was nevertheless deceptive and misleading in its implications." (quoting *People v. Wahl*, 39 Cal. App. 2d Supp. 771, 773, 100 P.2d 550 (Cal. App. Dep't Super. Ct. 1940) (literally true advertisement was misleading because price of offered product was 50% off regular price of more expensive product, not regular price of the offered product)); *see also Leoni v. State Bar*, 39 Cal. 3d 609, 627, 217 Cal.Rptr. 423, 704 P.2d 183 (1985) (holding that attorney advertising, though not false, was misleading because "[a] necessary fact ha[d] been omitted."). Here, it may be literally true that Gerber's products are "As Healthy As Fresh," but due to alleged external facts—that Gerber does not comply with the FDA regulations that otherwise prevent its competitors from making the same claim—Bruton's theory is that Gerber's labels by comparison mislead in their implications.

Nevertheless, even assuming the validity of Bruton's theory, the record does not include sufficient evidence to create a genuine dispute of material fact for trial as to consumer deception under her theory. Bruton points to the following evidence to support consumer deception: (1) Gerber's and its competitors' labels; (2) Bruton's own testimony about being misled by Gerber's labels; and (3) two warning letters from the FDA.

■ The labels in the record include both Gerber's labels and some of its competitors' labels. However, the competitor labels do not, as Bruton's theory of deception would require, avoid illegal label claims. Rather, they make many of the same illegal claims as Gerber's labels. A reasonable jury comparing the labels side by side could not rationally conclude that Gerber's labels were likely to deceive members of the public into thinking that Gerber's products were of a higher quality than its competitors' products that made the same type of claims. Bruton's testimony about being misled while shopping is vague, "uncorroborated and self-serving," and does not tend to show that Gerber's labels were misleading or deceptive. *F.T.C. v. Neovi, Inc.*, 604 F.3d 1150, 1159 (9th Cir. 2010), as amended (June 15, 2010) (internal quotation marks omitted). And the FDA warning letters, in addition to being informal and non-binding, do not indicate that Gerber's competitors' labels are in compliance with FDA requirements. The letters therefore do not support Bruton's theory that Gerber's labels are deceptive because its competitors' labels follow the law. We hold that the record does not contain sufficient evidence to create a genuine dispute of material fact for trial as to the outcome under the reasonable consumer test. We affirm the district court's grant of summary judgment to Gerber on Bruton's claims that the labels were deceptive in violation of the UCL, FAL, and CLRA.

■ 4. The district court erred in granting summary judgment to Gerber on Bruton's claims that the labels were unlawful under the UCL. The UCL's unlawful prong "borrows" predicate legal violations and treats them as independently actionable under the UCL. *Wang v. Massey Chevrolet*, 97 Cal. App. 4th 856, 871, 118 Cal.Rptr.2d 770 (2002). The best reading of

California precedent is that the reasonable consumer test is a requirement under the UCL's unlawful prong only when it is an element of the predicate violation. *Compare, e.g., Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1354, 1360, 8 Cal.Rptr.3d 22 (2003) (holding that UCL claims were subject to the reasonable consumer test where the predicate violations were of the FAL and CLRA, both of which require meeting the reasonable consumer test); *with Los Angeles Mem'l Coliseum Comm'n v. Insomniac, Inc.*, 233 Cal. App. 4th 803, 835, 182 Cal.Rptr.3d 888 (2015) (holding that a UCL claim was properly stated—without mention of the reasonable consumer test—where the predicate violation was of federal tax law). The predicate violation here is of California's Sherman Law, *see* Cal. Health & Safety Code §§ 110760, 110765, which itself incorporates standards set by FDA regulations, *see id.* §§ 110100, 110670. These FDA regulations include no requirement that the public be likely to experience deception. *See* 21 C.F.R. §§ 101.13(b)(3), 101.60(c)(2)(v). We reverse the district court's grant of summary judgment to Gerber on Bruton's claims that the labels were unlawful in violation of the UCL.

**AFFIRMED in part, REVERSED in part, and REMANDED**